UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAD ALEXANDER SMITH,

    Plaintiff,

v.

JOSHUA MONTE et al.,

    Defendants.
_____/

Case No. 2:24-cv-10950

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING LEAVE TO APPEAL WITHOUT PREPAYING

Plaintiff Chad Alexander Smith, incarcerated in Michigan, alleges that in August 2018 he was confronted by police officers, shot, hospitalized, and then transferred to the Detroit Reentry Center without proper legal process. He says those events were unconstitutional and that Defendants conspired to conceal their conduct.

But Plaintiff's complaint faces a fundamental hurdle: the statute of limitations. In Michigan, personal-injury claims must be brought within three years. Plaintiff knew of his injuries by August 2018, so he had to file his complaint by August 2021. However, he did not file until 2024, so he needs the time limit tolled. Michigan law allows tolling for fraudulent concealment, but only if a defendant actively hides information, thus preventing plaintiffs from discovering their claim. Plaintiff's assertions do not satisfy that standard, meaning his claims are time-barred.

# I. BACKGROUND

Plaintiff, without the benefit of legal counsel, is suing seven Defendants under 42 U.S.C. § 1983: the Michigan Department of Corrections, four of its employees, and two police officers. ECF No. 1. He alleges a series of constitutional violations arising from a confrontation with the police officers on August 3, 2018. *Id.* He says he was shot, received medical treatment, and was then unlawfully transferred to the Detroit Reentry Center as a parole violator and pretrial detainee.[1] *Id.* at PageID.6. He asserts five claims for relief:

(1) **Illegal Seizure and Conspiracy**: Plaintiff alleges his removal from the hospital to the Detroit Reentry Center was without warrant, detainer, or proper process.
(2) **Illegal Search and Seizure**: Plaintiff says his person and property were unlawfully searched and seized upon his arrival at the Reentry Center.
(3) **Deficient Medical Care**: Plaintiff asserts he received inadequate medical care due to his transfer from the hospital to the Detroit Reentry Center.
(4) **Illegal Pretrial Confinement and Conspiracy**: Plaintiff claims his warrantless arrest and lack of arraignment constituted illegal pretrial confinement.
(5) **Fraudulent Concealment**: Plaintiff accuses Defendants of fraudulently concealing documents and information related to his detention.

*Id*. at PageID.7. He seeks injunctive relief and monetary damages. *Id.* at PageID.10–11. And he has been granted permission to proceed without prepaying the filing fees.

---

[1] Plaintiff is awaiting a trial for 22 criminal charges including assault with intent to murder, kidnapping, carjacking, first-degree home invasion, killing an animal, resisting a police officer, being a felon possessing a firearm, and possessing a firearm while committing a felony. *See* Register of Actions, *People v. Smith*, No. 21-004947-01-FC (Mich. 3d Cir. Ct. Wayne Cnty. filed Dec. 9, 2024).

ECF No. 4 (citing 28 U.S.C. § 1915(a)(1)).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1996 requires this Court to dismiss any *in forma pauperis* complaint that fails to state a claim upon which relief can be granted, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c), or that reveals claims barred by a statute of limitations, *see Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). This Court may address the statute of limitations *sua sponte* if the defect is obvious. *See Brown v. George*, No. 23-1584, 2023 WL 9023359, at *2 (6th Cir. Dec. 14, 2023).

Claims brought under § 1983 apply the state statute of limitations and the tolling principles "for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In Michigan, that limit is three years. *Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 672 (E.D. Mich. 2022) (citing MICH. COMP. LAWS § 600.5805(1)–(2)). The limitations period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Miner v. Ogemaw Cnty. Rd. Comm'n*, 625 F. Supp. 3d 640, 653 (E.D. Mich. 2022) (quoting *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)).

## III. ANALYSIS

In this case, Plaintiff knew or should have known of his alleged injuries by August 2018, making his filing deadline August 2021. Plaintiff's claims are

- 3 -

grounded in events that occurred in August 2018. Those events, notably the confrontation with police officers and later treatment and detention, were immediate and apparent at that time. *See Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007) ("[T]he test is whether he knew or should have known based upon reasonable inquiry, and could have filed suit and obtained relief."). Michigan no longer tolls statutory limitations for incarcerated plaintiffs, *see* MICH. COMP. LAWS § 600.5851(9) (1994). Since Plaintiff did not file until 2024, his claims are untimely.

Plaintiff argues that his unlawful-seizure claim should be tolled based on fraudulent concealment, asserting he discovered it in November 2023 when a court-ordered subpoena revealed "that the warrant/detainer had not been signed or legit until" a week after he was detained. ECF No. 1 at PageID.8. But he fails to explain why he did not act sooner, demonstrating his lack of due diligence. *Evans v. Pearson Enters.*, 434 F.3d 839, 851 (6th Cir. 2006) (requiring "plaintiff's due diligence until discovery of the facts." (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975))). Moreover, tolling for fraudulent concealment requires the plaintiff to demonstrate that the defendant actively concealed the claim. *Sills v. Oakland Gen. Hosp.*, 559 N.W.2d 348, 352 (Mich. Ct. App. 1996) (citing MICH. COMP. LAWS § 600.5855), *appeal denied*, 572 N.W.2d 661 (Mich. 1997). Passive nondisclosure is insufficient; there must be an intentional effort to keep the plaintiff in the dark. *Doe v. Roman Cath. Archbishop of*

*Archdiocese of Detroit*, 692 N.W.2d 398, 406–07 (Mich. Ct. App. 2004) ("[C]auses of action do not constitute fraudulent concealment [if] they amount to mere silence." (citation omitted)), *appeal denied*, 704 N.W.2d 708 (Mich. 2005).

Plaintiff's claims regarding search and seizure and medical treatment are supported by facts immediately known to him during the events at issue. Likewise, his claims concerning illegal pretrial detention and conspiracy arise from circumstances that were directly observable and thus known to him in 2018. And Plaintiff has not alleged any deliberate concealment. Therefore, Plaintiff's argument for tolling does not withstand scrutiny: there were no hidden mechanisms or undisclosed maneuvers that prevented him from filing within the prescribed timeframe.

In addition, Plaintiff does not allege fraudulent concealment with the required specificity. His allegations are broad and unspecific, asserting generally that information was withheld, but without detailing any deceptive practices that would meet the legal threshold for fraudulent concealment. Vague accusations and general assertions do not satisfy the requirement of particularity needed to invoke this exception. *See Evans*, 434 F.3d at 851 (citing Fed. R. Civ. P. 9(b)). Thus, even if this Court were to consider tolling for fraudulent concealment, Plaintiff has failed to provide the necessary detailed allegations to warrant it.

For those reasons, Plaintiff's first four claims are untimely and will therefore

be dismissed with prejudice.[2]

Plaintiff also raises an independent fraudulent-concealment claim under Michigan law. ECF No. 1 at PageID.7. But § 1983 requires "a 'violation of a *federal* right.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 541 (6th Cir. 2006) (emphasis added) (first quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997); and then citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 508 (1990)). Therefore, any state-law claims for fraudulent concealment must be dismissed without prejudice, and this Court declines to exercise supplemental jurisdiction over them given the dismissal of the federal claims. *See* 28 U.S.C. § 1367(c)(3).

## IV. POSTDISMISSAL IMPLICATIONS

Plaintiff's claims, barred by the statute of limitations, are frivolous and thus require *sua sponte* dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). His case may not be reinstated even if he pays the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Dellis*, 257 F.3d at 510–12 (holding that *McGore* applies to claims *sua*

---

[2] Claims of illegal arrest and false imprisonment accrue when the plaintiff is "detained [under] legal process." *See Wallace*, 549 U.S. at 397. Here, Plaintiff alleges a warrant was signed on August 10, 2018, ECF No. 1 at PageID.7, and Plaintiff was arraigned on his pending criminal charges on March 11, 2020, *see Smith*, No. 21-004947-01-FC (Mich. 3d Cir. Ct. Wayne Cnty. filed Mar. 11, 2024). Thus, any such claims accrued in 2020 at the latest—and are still untimely.

*sponte* dismissed "as frivolous under 28 U.S.C. § 1915(e)(2)(B)"); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (same "under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199. Lastly, Plaintiff is denied leave to appeal without prepaying for lacking nonfrivolous claims. *See* 28 U.S.C. § 1915(a)(3); *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023).

## V. CONCLUSION

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); FED. R. CIV. P. 41(b).

Further, it is **ORDERED** that the above-captioned case is **PROHIBITED** from being reinstated to this Court's active docket—even if Plaintiff pays for filing.

Further, it is **ORDERED** that Plaintiff is **DENIED** permission to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**This order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 6/10/2024